# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI

_EASTERN_ _____ **DIVISION**

|  |  |
|---|---|
| )<br>)<br>)<br>KEVIN T. HARRISON JR. #1120324 )<br>*(Write the full name of the plaintiff in this action.* )<br>*Include prisoner registration number.)* )<br>)<br>**v.** MICHAEL C. HAKALA )<br>BECKI D. LIZENBEE )<br>JACQUELIN M. MERIDETH )<br>TRENTEN W. DEAN )<br>CRISTAL D. SWAIN )<br>DANA DEGEN )<br>NINA HILL )<br>*(Write the full name of each defendant. The caption* )<br>*must include the names of **all** of the parties.* )<br>*Fed. R. Civ. P. 10(a). Merely listing one party and* )<br>*writing "et al." is insufficient. Attach additional* )<br>*sheets if necessary.)* )  | Case No: _____<br>*(to be assigned by Clerk of District Court)*<br><br>Plaintiff Requests Trial by Jury<br>☒ Yes   ☐ No |

## PRISONER CIVIL RIGHTS COMPLAINT UNDER 42 U.S.C. § 1983

### NOTICE:

*Federal Rule of Civil Procedure 5.2 addresses the privacy and security concerns resulting from public access to electronic court files. Under this rule, papers filed with the court should not contain: an individual's full social security number or full birth date, the full name of a person known to be a minor, or a complete financial account number. A filing may include only: the last four digits of a social security number, the year of an individual's birth, a minor's initials, and the last four digits of a financial account number.*

*Except as noted in this form, plaintiff should not send exhibits, affidavits, witness statements, or any other materials to the Clerk's Office with this complaint.*

*In order for your complaint to be filed, it must be accompanied by the $400.00 filing fee or an application to proceed without prepayment of fees and costs.*

## I.   The Parties to this Complaint

### A.   The Plaintiff

Name: _Kevin Tyrone Harrison Jr._

Other names you have used: _____

Prisoner Registration Number: _1120324_

Current Institution: _Jefferson City Correctional Center_
_8200 No More Victims Road_
_Jefferson City Missouri 65101_

Indicate your prisoner status:

| | |
|---|---|
| ☐ Pretrial detainee | ☒ Convicted and sentenced state prisoner |
| ☐ Civilly committed detainee | ☐ Convicted and sentenced federal prisoner |
| ☐ Immigration detainee | ☐ Other (explain): _____ |

### B.   The Defendant(s)

To the best of your knowledge, give the information below for each defendant named in the caption of this complaint. Make sure the defendant(s) named below are the same as those listed in the caption of this complaint. Attach additional pages if necessary.

For an individual defendant, include the person's job title, and check whether you are suing the individual in his or her individual capacity, official capacity, or both.

**Defendant 1**

Name: _Michael C. Hakala_

Job or Title: _Doctor / Physician_

Badge/Shield Number: _____

Employer: _Corizon Correctional Health Care_

Address: _300 East Pedro Simmons Dr., Charleston MO 63834_

____X____ Individual Capacity                    ____X____ Official Capacity

2

**Defendant 2**

Name: _BECKI D. LIZENBEE_

Job or Title: _NURSE_

Badge/Shield Number: _____

Employer: _CORIZON CORRECTIONAL HEALTH CARE_

Address: _300 EAST PEDRO SIMMONS DR., CHARLESTON MO 63834_

☒ Individual Capacity          ☒ Official Capacity

## II. Statement of Claim

Type, or neatly print, a short and plain statement of the **FACTS** that support your claim(s).  For every defendant you have named in this complaint, you must state what he or she personally did to harm you.  If more than one claim is asserted, number each claim and write a short and plain statement of each claim in a separate paragraph.  Do not make legal arguments, or cite court cases or statutes. You may attach additional pages if necessary.

Your statement of claim must include all of the following information:

1. What happened to you?
2. When did it happen?
3. Where did it happen?
4. What injuries did you suffer?
5. What did each defendant personally do, or fail to do, to harm you?

_SEE ATTACHMENTS_

3

## III.   Injuries

If you sustained injuries related to the events alleged above, describe your injuries and state what medical treatment, if any, you required and did or did not receive.

*SEE ATTACHMENTS*

4

## IV.   Relief

State briefly and precisely what you want the Court to do for you.  Do not make legal arguments.
Do not cite any cases or statutes.  If you are requesting money damages, include the amounts of
any actual damages and/or punitive damages you are claiming.  Explain why you believe you are
entitled to recover those damages.

*SEE ATTACHMENTS*

## V.   Exhaustion of Administrative Remedies/Administrative Procedures

The Prison Litigation Reform Act ("PLRA") 42 U.S.C. § 1997e(a), requires that "[n]o action
shall be brought with respect to prison conditions under section 1983 of this title, or any other
Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such
administrative remedies as are available are exhausted."

Administrative remedies are also known as grievance procedures.  Your case may be dismissed
if you have not exhausted your administrative remedies.

> A.   Did your claim(s) arise while you were confined in a jail, prison, or other
>      correctional facility?
>
>      ☒ Yes          ☐ No

If yes, name the jail, prison or other correctional facility where you were confined at the
time of the events giving rise to your claim(s): *SOUTHEAST CORRECTIONAL CENTER*

*(300) EAST PEDRO SIMMONS DR., CHARLESTON MO 63834*

> B.   Does the jail, prison or other correctional facility where your claim(s) arose have
>      a grievance procedure?
>
>      ☒ Yes          ☐ No          ☐ Do not know

> C.   If yes, does the grievance procedure at the jail, prison or other correctional facility
>      where your claim(s) arose cover some or all of your claims?
>
>      ☒ Yes          ☐ No          ☐ Do not know

5

If yes, which claim(s)? *All*

D.      Did you file a grievance in the jail, prison, or other correctional facility where your claim(s) arose concerning the facts relating to this complaint?

☒ Yes            ☐ No

If no, did you file a grievance about the events described in this complaint at any other jail, prison, or other correctional facility?

☐ Yes            ☐ No

E.      If you did file a grievance:

1.      Where did you file the grievance?

_____

2.      What did you claim in your grievance? (*Attach a copy of your grievance, if available*) *See Attachment* .

3.      What was the result, if any? (*Attach a copy of any written response to your grievance, if available*) *See Attachment*

6

4.      What steps, if any, did you take to appeal that decision?  Is the grievance process completed? If not, explain why not. (*Describe all efforts to appeal to the highest level of the grievance process.*) *I COMPLETED THE FULL GRIEVANCE PROCESS.*

F.      If you did not file a grievance:

1.      If there are any reasons why you did not file a grievance, state them here:

2.      If you did not file a grievance but you did inform officials of your claim, state who you informed, when and how, and their response, if any:

G. ·    Please set forth any additional information that is relevant to the exhaustion of your administrative remedies.

(*Note: You may attach as exhibits to this complaint any documents related to the exhaustion of your administrative remedies.*)

## VI.   Previous Lawsuits

The "three strikes rule" bars a prisoner from bringing a civil action or an appeal in federal court without paying the filing fee if that prisoner has "on three or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g).

A.   To the best of your knowledge, have you ever had a case dismissed on the basis of this "three strikes rule"?

☐ Yes          ☒ No

If yes, state which court dismissed your case and when it was dismissed.  Attach a copy of the court's order, if possible.

Have you filed other lawsuits in state or federal court dealing with the same facts involved in this action?

☐ Yes          ☒ No

B.   If your answer to A is yes, describe each lawsuit by answering questions 1 through 7 below. (*If there is more than one lawsuit, describe the additional lawsuits on another page, using the same format.*)

1.   Parties to the previous lawsuit

Plaintiff _____

Defendant(s) _____

2.   Court (*if federal court, name the district; if state court, name the state and county*)

3.   Docket or case number _____

4.   Name of Judge assigned to your case _____

8

5.      Approximate date of filing lawsuit _____

6.      Is the case still pending?

☐ Yes

☐ No (*If no, give the approximate date of disposition*):_____

7.      What was the result of the case? (For example: Was the case dismissed? Was judgment entered in your favor? Was the case appealed?)

C.      Have you filed other lawsuits in state or federal court otherwise relating to the conditions of your imprisonment?

☐ Yes               ☒ No

D.      If your answer to C is yes, describe each lawsuit by answering questions 1 through 7 below. (If there is more than one lawsuit, describe the additional lawsuits on another page, using the same format.)

1.      Parties to the previous lawsuit

Plaintiff_____

Defendant(s) _____

2.      Court (*if federal court, name the district; if state court, name the state and county*)

3.      Docket or case number _____

4.      Name of Judge assigned to your case _____

5.      Approximate date of filing lawsuit _____

9

6.    Is the case still pending?

☐ Yes

☐ No (*If no, give the approximate date of disposition*):_____

7.    What was the result of the case? (For example: Was the case dismissed? Was judgment entered in your favor? Was the case appealed?)

## VII. Certification and Closing

Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

I agree to provide the Clerk's Office with any changes to my address where case-related papers may be served. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

I declare under penalty of perjury that the foregoing is true and correct.

Signed this ___23___ day of ___MARCH_____, 20_22_ .

Signature of Plaintiff _____

10

1. This is a civil action authorized by 42 U.S.C Section 1983, Brought by; Kevin T. Harrison Jr. #1120324, a state prisoner, for deliberate indifference to serious medical needs in violation of the eighth amendment to the United States Constitution. The Court has jurisdiction under 28 U.S.C Section 2283; 2284 and Rule 65 of the Federal Rules of Civil Procedure.

2. The Eastern District of Missouri is an appropriate venue under 28 U.S.C Section 1391(b)(2) because it is where the events giving rise to this claim occurred.

## I.   PARTIES TO THIS COMPLAINT

### A. PLAINTIFFS

3. Plaintiff, Kevin T. Harrison Jr. #1120324, was at all times mentioned herein, a prisoner of the state of Missouri, in the custody of the Missouri Department of Corrections. He is currently confined in, Jefferson City Correctional Center, 8200 No More Victims Road, Jefferson City Missouri 65101

### B. DEFENDANTS

4. Defendant, Michael C. Hakala, was a Doctor/Physician at Southeast Correctional Center, (S.E.C.C), employed by Corizon Correctional Health Care, at all times mentioned in this complaint.

5. Defendant, Becky D. Lizenbee, is and was at all times mentioned in this complaint a nurse at S.E.C.C, employed by Corizon Correctional Health Care

①

6.    DEFENDANT, JACQUELIN M. MERIDETH, IS AND WAS AT ALL TIMES MENTIONED IN THIS COMPLAINT, A NURSE AT S.E.C.C, EMPLOYED BY CORIZON CORRECTIONAL HEALTH CARE.

7.    DEFENDANT, TRENTEN W. DEAN, IS AND WAS AT ALL TIMES MENTIONED IN THIS COMPLAINT, A NURSE AT S.E.C.C, EMPLOYED BY CORIZON CORRECTIONAL HEALTH CARE.

8.    DEFENDANT, CRYSTAL D. SWAIN, WAS AT ALL TIMES MENTIONED IN THIS COMPLAINT, A NURSE AT S.E.C.C, EMPLOYED BY CORIZON CORRECTIONAL HEALTH CARE.

9.    DEFENDANT, DANA DEGEN, IS AND WAS AT ALL TIMES MENTIONED IN THIS COMPLAINT, A NURSE AT S.E.C.C, EMPLOYED BY CORIZON CORRECTIONAL HEALTH CARE.

10.    DEFENDANT, NINA HILL, IS AND WAS AT ALL TIMES MENTIONED IN THIS COMPLAINT, A NURSE PRACTITIONER AT S.E.C.C, EMPLOYED BY CORIZON CORRECTIONAL HEALTH CARE

11.    EACH DEFENDANT IS SUED INDIVIDUALLY AND IN HIS/HER OFFICIAL CAPACITY, AT ALL TIMES MENTIONED IN THIS COMPLAINT EACH DEFENDANT ACTED UNDER COLOR OF STATE LAW.

## II. STATEMENT OF CLAIM

12.    AT ALL TIMES RELEVANT TO THIS CASE, PLAINTIFF, KEVIN T. HARRISON JR #1120324, WAS A PRISONER AT SOUTHEAST CORRECTIONAL CENTER, 300 EAST PEDRO SIMMONS DRIVE, CHARLESTON MISSOURI, 63834

②

13. During Doctor Sick Call (D.S.C) on July 5, 2011, Plaintiff complained of lumps on the left side of his chest, indicating his worry that it may be breast cancer. Defendant Michael C. Hakala, however, failed to run a biopsy (test) to determine whether Plaintiff had cancer or not, assessing it as a benign lipoma.

14. On March 13, 2012, Plaintiff self-declared a medical emergency, complaining, again of three (3) knots on left chest and worry of possibility of it being breast cancer. Defendant, Becky D. Lizenbee, however completely failed to refer Plaintiff to D.S.C, where a biopsy could be performed in order to determine what the knots on Plaintiff's chest were.

15. During a D.S.C on November 12, 2013, Plaintiff repeated his complaint of a knots on left side of his chest and his worry that it may be breast cancer. Defendant Michael C. Hakala unreasonably made the determination that the lump on Plaintiff's left chest was a benign (non-threatening) old scar.

16. On August 5, 10, 19 and 30, 2016 Defendant Jacquelin M. Merideth neglected Plaintiff's referral intentionally, to Nurse Sick Call, (N.S.C), for complaints including knots/lumps on his left chest.

17. On November 14th, 2018 Plaintiff was seen at D.S.C by Dr. Philip E. Tippen, at which time he addressed his concerns about the mass on the left chest and the possibility that it may be breast cancer. Dr. Tippen ordered a biopsy performed on mass on Plaintiff's chest.

(3)

18. NOVEMBER 29, 2018 A PUNCH BIOPSY WAS PERFORMED AND SENT FOR TESTING

19. DECEMBER 6, 2018, THE RESULTS CAME BACK AS A MALIGNANT, (DANGEROUS AND AGGRESSIVE), FORM OF SKIN CANCER, DERMATOFIBROSARCOMA PROTUBERANS.

20. DECEMBER 14TH, 2018 PLAINTIFF WAS APPROVED FOR AND SCHEDULED FOR SURGERY TO REMOVE MASS (TUMOR) FROM LEFT CHEST.

21. ON JANUARY 2ⁿ, 2019 SURGERY WAS PERFORMED TO REMOVE TUMOR. PLAINTIFF WAS PRESCRIBED TRAMADOL (PAIN MEDICATION), THEN EVENTUALLY NORTRIPTYLINE (MUSCLE RELAXER), GABAPENTIN / NEURONTIN (NERVE PAIN MEDICATION); IBUPROFEN.

22. ON OCTOBER 26, 2020 PLAINTIFF WAS INVOLVED IN A USE OF FORCE AND PLACED IN ADMINISTRATIVE SEGREGATION (AD-SEG), DURING HIS INITIAL EVALUATION PLAINTIFF ALERTED DEFENDANT, TRENTEN W. DEAN OF AN INJURY TO HIS RIGHT PINKIE. DEFENDANT TRENTEN W. DEAN ADVISED PLAINTIFF TO, "WAIT A FEW DAYS AND SEE IF THE SWELLING GOES DOWN." DEFENDANT TRENTEN W. DEAN FAILED TO REFER PLAINTIFF TO D.S.C.

23. ON OCTOBER 27, 2020 DEFENDANT CRYSTAL D. SWAIN PERFORMED A USE OF FORCE ASSESSMENT, DURING WHICH PLAINTIFF AGAIN COMPLAINED OF INJURY TO HIS RIGHT PINKIE. DEFENDANT CRYSTAL D. SWAIN, TOO FAILED TO REFER PLAINTIFF TO D.S.C, WHERE X-RAYS AND OTHER TEST COULD BE ORDERED TO DETERMINE THE EXTENT OF THE DAMAGES CAUSED BY INJURY.

④

24. ON SEVERAL DIFFERENT OCCASIONS BETWEEN OCTOBER 2020 AND JANUARY 2021, PLAINTIFF SUBMITTED SEVERAL DIFFERENT HEALTH SERVICE REQUEST (H.S.R) FORMS CONCERNING INJURY TO HIS RIGHT PINKIE AND HIS SKIN CANCER AND NERVE PAIN. DEFENDANT DANA DEGEN, HOWEVER COMPLETELY FAILED TO SCHEDULE PLAINTIFF FOR N.S.C OR D.S.C

(IT SHOULD BE NOTED THAT AN INMATE, IN THE CUSTODY OF MISSOURI DEPARTMENT OF CORRECTION (MDOC), VERBAL OR WRITTEN PETITION FOR HEALTH ASSISTANCE OF MEDICAL, DENTAL OR MENTAL SERVICES DEFINE H.S.R. H.S.Rs ARE TO BE TRIAGED DAILY BY NURSING STAFF AND ASSESSED BASED ON WHETHER A MEDICAL EMERGENCY EXIST AND THE NEED FOR AN INMATE TO BE BROUGHT TO THE HEALTH CARE UNIT FOR ASSESSMENT. NON-EMERGENT REQUEST ARE TO BE REVIEWED WITHIN 24 HOURS AND THE INMATE SEEN BY A QUALIFIED HEALTHCARE PROFESSIONAL AT SICKCALL WITHIN THE NEXT 24 HOURS (72 ON WEEKENDS). IF THE INMATE HAS BEEN PLACED IN ADMINISTRATIVE SEGREGATION (AD-SEG) HIS H.S.R WILL BE RESPONDED TO DURING AD-SEG ROUNDS. THE EVALUATION AND TREATMENT OF AMBULATORY PATIENT IN A CLINICAL SETTING BY A QUALIFIED HEALTHCARE PROFESSIONAL DEFINES SICKCALL.)

NOTE: INMATES ARE REQUIRED TO BE SEEN AT N.S.C IN ORDER TO BE REFERRED TO D.S.C. TYPICALLY, MEDICAL TREATMENT SUCH AS X-RAYS, BIOPSIES, PAIN PRESCRIPTIONS, ETC., ARE ORDERED BY A DOCTOR AND/OR PHYSICIAN DURING D.S.C.

25. ON DECEMBER 27, 2020 PLAINTIFF SELF-DECLARED A MEDICAL EMERGENCY CONCERNING HIS INJURED PINKIE, SKIN CANCER AND NERVE PAIN, SINCE SICK CALL WAS NOT BEING CONDUCTED AT S.E.C.C AT THAT TIME. PLAINTIFF WAS ASSESSED BY NURSE HEATHER ANNESSER, WHO REFERRED HIM FOR D.S.C.

26. ON JANUARY 14, 2021 PLAINTIFF WAS SEEN AT D.S.C. BY DEFENDANT NINA HILL, WHO AT WHICH TIME ORDERED X-RAYS OF PLAINTIFF'S PINKIE. PLAINTIFF COMPLAINED OF PAIN AND DISCOMFORT ASSOCIATED WITH SAID INJURY AND HIS SKIN CANCER AND NERVE PAIN CONCERNS, WHICH DEFENDANT NINA HILL IGNORED. LATER THAT DAY DURING AFTERNOON MEDICATION PASS, PLAINTIFF WAS INFORMED BY NURSE HEATHER TIDWELL, THAT HIS ORDER FOR GABAPENTIN/NEURONTIN HAD EXPIRED. SHE ALSO INFORMED PLAINTIFF THAT DEFENDANT NINA HILL REFUSED TO RENEW HIS PRESCRIPTION AND DECREASED HIS IBUPROFEN DOSAGE, DELIBERATELY INDIFFERENT TO PLAINTIFF'S COMPLAINTS OF PAIN AND SUFFERING.

\* NOTE: DEFENDANT WAS WITHOUT HIS NERVE PAIN MEDICATION FOR OVER A MONTH, WHICH CAUSED WANTON AND UNNECESSARY PAIN AND SUFFERING, UNTIL PRESCRIPTION WAS RENEW BY DR. PHILIP TIPPEN

27. ON JANUARY 21, 2021 X-RAYS WERE FINALLY PERFORMED ON PLAINTIFF'S PINKIE 88 DAYS AFTER THE USE OF FORCE ENCOUNTER AND COMPLAINT OF INJURY, MEANING PLAINTIFF'S PINKIE HEALED ON IT'S OWN AND IMPROPERLY.

\* NOTE: PLAINTIFF INFORMED MEDICAL STAFF FOR MONTHS, VERBALLY AND THROUGH H.S.R.s, ABOUT HIS CHRONIC NERVE PAIN IN CHEST AND RELATED AREAS, EXTREME PAIN AND DISCOMFORT IN RIGHT PINKIE, ESPECIALLY WHEN WRITING. NOTHING HAS BEEN DONE FOR EITHER.

## III. INJURIES

28. SEVERE AND CHRONIC NERVE PAIN IN CHEST WHERE SURGERY WAS PERFORMED, ASSOCIATED PAIN INCLUDING NECK AND SHOULDER TIGHTNESS AND PAIN, FEELING LIKE A PINCHED NERVE IN SHOULDER SOCKET, COLD (EVEN TO THE TOUCH) AND NUMBNESS, AND SOMETIMES COLD WITH A TINGLING STINGING SENSATION THROUGHOUT LEFT SIDE, ALL PAIN AND AILMENTS AND PAIN ON LEFT SIDE OF BODY

(16)

29. EXTREME PAIN IN RIGHT PINKIE, SUSTAINED DURING USE OF FORCE. DISFIGUREMENT. BENT AT FIRST KNUCKLE, UNABLE TO STRAIGHTEN. RIGHT-HANDED SO PAIN AND DISCOMFORT WHEN WRITING. HAVE TO TAKE EXTENDED BREAKS WHEN WRITING. FINGER CRAMPS AND LOCKS UP CONSTANTLY.

## IV. RELIEF

WHEREFORE, PLAINTIFF RESPECTFULLY PRAY THAT THIS COURT ENTER JUDGEMENT:

30. GRANTING PLAINTIFF HARRISON COMPENSATORY DAMAGES IN THE AMOUNT OF $50,000 AGAINST EACH DEFENDANT, JOINTLY AND SEVERALLY AND

31. GRANTING PLAINTIFF HARRISON PUNITIVE DAMAGES IN THE AMOUNT OF $50,000 AGAINST EACH DEFENDANT, JOINTLY AND SEVERALLY, AND

32. A PRELIMINARY AND PERMANENT INJUNCTION ORDERING DEFENDANTS AND THEIR EMPLOYER TO GIVE PLAINTIFF HARRISON THE MEDICAL TREATMENT NEEDED FOR HIS INJURIES, (SUFFICIENT PAIN MEDICATION, FOLLOW-UPS WITH SPECIALIST, REGULAR CHECK-UPS IN CHRONIC CARE PAIN CLINIC ETC.), AND

33. PLAINTIFF ALSO SEEKS A JURY TRIAL ON ALL ISSUES TRIABLE BY JURY,

34. PLAINTIFF ALSO SEEK RECOVERY OF HIS COST IN THIS SUIT, AND

35. ANY ADDITIONAL RELIEF THIS COURT DEEMS JUST, PROPER, AND EQUITABLE

## V. EXHAUSTION OF ADMINISTRATIVE REMEDIES

36. SEE EXHIBIT A

37. SEE EXHIBIT B