**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION**

| | | |
|---|---|---|
| KEVIN T. HARRISON, JR., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:22-CV-361-PLC |
| | ) | |
| MICHAEL C. HAKALA, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM AND ORDER**

This matter is before the Court on the motion of plaintiff Kevin T. Harrison, Jr., an inmate at the Jefferson City Correctional Center ("JCCC"), for leave to commence this civil action without prepaying fees or costs. Having reviewed the motion and the financial information submitted in support, the Court grants the motion, and assesses an initial partial filing fee of $11.41. Additionally, for the reasons discussed below, the Court provides plaintiff the opportunity to file an amended complaint, and denies without prejudice his motion seeking the appointment of counsel.

**28 U.S.C. § 1915(b)(1)**

Pursuant to 28 U.S.C. § 1915(b)(1), a prisoner who files a civil action *in forma pauperis* is required to pay the full amount of the filing fee. If the prisoner has insufficient funds in his prison account to pay the entire fee, the Court must assess and, when funds exist, collect an initial partial filing fee of 20 percent of the greater of (1) the average monthly deposits in the prisoner's account, or (2) the average monthly balance in the prisoner's account for the prior six-month period. After payment of the initial partial filing fee, the prisoner is required to make monthly payments of 20 percent of the preceding month's income credited to his account. 28 U.S.C. §

1915(b)(2). The agency having custody of the prisoner will forward these monthly payments to the Clerk of Court each time the amount in the account exceeds $10.00, until the filing fee is fully paid. *Id.*

In support of the instant motion, plaintiff submitted an inmate account statement showing an average monthly deposit of $57.07, and an average monthly balance of $14.22. The Court will therefore assess an initial partial filing fee of $11.41, which is twenty percent of plaintiff's average monthly deposit.

## Legal Standard on Initial Review

This Court is required to review a complaint filed *in forma pauperis*, and must dismiss it if it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B). An action is frivolous if it "lacks an arguable basis in either law or fact." *Neitzke v. Williams*, 490 U.S. 319, 328 (1989). An action fails to state a claim upon which relief may be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

A claim is facially plausible when the plaintiff "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly,* 550 U.S at 556). Although a plaintiff need not allege facts in painstaking detail, the facts alleged "must be enough to raise a right to relief above the speculative level." *Twombly,* 550 U.S. at 555. This standard "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal,* 556 U.S. at 678. Determining whether a complaint states a plausible claim for relief is a context-specific task that requires the reviewing court to draw upon judicial experience and common sense. *Id*. at 679. The court must assume the veracity of well-pleaded facts, but need not accept as true "[t]hreadbare

recitals of the elements of a cause of action, supported by mere conclusory statements." *Id.* at 678 (citing *Twombly,* 550 U.S. at 555).

This Court liberally construes complaints filed by laypeople. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). "Liberal construction" means that "if the essence of an allegation is discernible," the court should "construe the complaint in a way that permits the layperson's claim to be considered within the proper legal framework." *Solomon v. Petray*, 795 F.3d 777, 787 (8th Cir. 2015) (quoting *Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004)). However, even *pro se* complaints must allege facts that, if true, state a claim for relief as a matter of law. *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980). Federal courts are neither required to assume facts that are not alleged, *Stone*, 364 F.3d at 914-15, nor interpret procedural rules to excuse mistakes by those who proceed without counsel. *See McNeil v. United States,* 508 U.S. 106, 113 (1993).

## The Complaint

Plaintiff filed the complaint pursuant to 42 U.S.C. § 1983 against the following seven defendants: Dr. Michael C. Hakala; Nurses Becky D. Lizenbee, Jacquelyn M. Merideth, Trenten W. Dean, Crystal D. Swain, and Dana Degen; and Nurse Practitioner Nina Hill. Plaintiff identifies the defendants as Corizon employees, and sues them in their official and individual capacities. The events giving rise to plaintiff's claims occurred while he was incarcerated at the Southeast Correctional Center ("SECC"). He alleges as follows.

The complaint asserts as follows: On July 5, 2011, plaintiff complained of lumps on the left side of his chest. He said he worried he had breast cancer, but Defendant Hakala diagnosed it as a benign lipoma without ordering a biopsy. On March 13, 2012, plaintiff complained of three knots on his left chest. He stated he worried he had breast cancer, but Defendant Lisenbee failed to send plaintiff to doctor sick call to have a biopsy. Plaintiff reasserted his complaints on

November 12, 2013, but Defendant Hakala again assessed the lumps as benign.  On four occasions in August of 2016, Defendant Merideth "neglected plaintiff's referral, intentionally, to nurse sick call . . . for complaints including knots/lumps on his left chest." (ECF No. 1 at 13). On November 14, 2018, plaintiff was seen by a non-party doctor who ordered a biopsy, and on December 6, 2018 the results showed a malignant form of skin cancer called "Dermatofibrosarcoma Protuberans." *Id.* at 14.  The mass was removed on January 24, 2019, and plaintiff was given pain medications.

On October 26, 2020, plaintiff was "involved in a use of force" and injured his little finger. *Id.* at 14.  He told Defendant Dean about the injury, and Defendant Dean told him to wait to see if the swelling subsided.  Defendant Swain assessed plaintiff the following day, and plaintiff reported the finger injury.  However, Defendant Swain allegedly failed to send plaintiff to the doctor for x-rays.  Plaintiff does not describe the condition of his finger at the time of his interactions with Defendant Dean and Defendant Swain, nor does he allege he told them he was in pain or needed medical care.

Between October 2020 and January 2021, plaintiff "submitted several different health service request . . . forms concerning injury to his right pinkie and his skin cancer and nerve pain." *Id.* at 15.  Defendant Degen, however, allegedly failed to schedule plaintiff for sick call.  *Id.* Plaintiff does not specify the contents of the requests, nor does he allege that Defendant Degen or any other defendant was aware of them.

On January 14, 2021, plaintiff states Defendant Hill ordered an x-ray of his finger. However, plaintiff also alleges that Defendant Hill ignored his complaints of pain in his finger, complaints of pain in his chest, failed to renew his prescription pain medicine, and decreased his ibuprofen dosage.  Plaintiff asserts he suffered pain until his prescription was later renewed by a non-party doctor.  Plaintiff states an x-ray was performed on January 21, 2021. He does not specify

4

the results, but he does allege that because of the delay, his finger "healed on its own and improperly." *Id.* at 16.  He alleges he "informed medical staff for months" about pain in his chest and finger, but nothing was done.  He describes institution policies applicable to medical assessments of inmates, and appears to claim those policies were not followed.  He seeks monetary and injunctive relief.

Plaintiff attached to the complaint copies of grievance documents he filed to complain about the delay in having his finger assessed, along with the responses he received. *See* (ECF No. 1-3). The responses indicate as follows: Plaintiff initially hurt his finger in March 2020, and an x-ray was performed that same day and a splint was applied. Plaintiff reported reinjuring his finger in October 2020, and was assessed at that time. He did not complain about the finger again until late December, at which time he was provided care. An x-ray was performed, and showed no fracture or change from the previous injury.  Plaintiff failed to appear for two follow up medical appointments. The responses further indicate that plaintiff has been receiving regular medical care for complaints of pain in his chest near the surgical scar, and has been given medication with adjustments when medically indicated.

## Discussion

The Court first addresses plaintiff's official capacity claims. Plaintiff's official capacity claims against the defendants, all of whom are alleged to be Corizon employees, are construed as claims against Corizon.  *See Will v. Michigan Dept. of State Police*, 491 U.S. 58, 71 (1989). However, because the complaint contains no facts that would establish Corizon's liability for the alleged misconduct, plaintiff's official capacity claims fail.  *See Johnson v. Hamilton*, 452 F.3d 967, 973 (8th Cir. 2006) (describing claims brought against corporations acting under color of state law).

Addressing plaintiff's individual capacity claims, which are premised upon allegedly inadequate medical care, the Court notes that the Eighth Amendment requires that inmates be provided with adequate medical care. *See Schaub v. VonWald*, 638 F.3d 905, 914 (8th Cir. 2011). However, to establish that a denial of medical care rises to the level of an Eighth Amendment violation, a plaintiff must allege facts demonstrating that a defendant acted with deliberate indifference. *Id.*

The test for deliberate indifference consists of two prongs. *Id.* First, an inmate must show that he "suffered from an objectively serious medical need." *Id.* A "serious medical need" is "one that has been diagnosed by a physician as requiring treatment, or one that is so obvious that even a layperson would easily recognize the necessity for a doctor's attention." *Camberos v. Branstad*, 73 F.3d 174, 176 (8th Cir. 1995) (internal citation omitted). Second, the plaintiff must show that the defendant actually knew of, and yet deliberately disregarded, that need. *Schaub*, 638 F.3d at 914. "Deliberate indifference may include intentionally denying or delaying access to medical care, or intentionally interfering with treatment or medication that has been prescribed." *Vaughan v. Lacey*, 49 F.3d 1344, 1346 (8th Cir.1995) (citing *Estelle*, 429 U.S. at 104-05)).

As set forth above, plaintiff alleges that in 2011, 2012, 2013, and 2016, a lump on his chest was misdiagnosed and/or not biopsied, and he later learned he had a form of skin cancer in that area. Next, plaintiff claims he hurt his finger in 2020, but was not sent to the doctor to receive an x-ray. Finally, plaintiff claims he suffered pain because Defendant Hill and "medical staff" failed to renew his prescription pain medication. However, plaintiff alleges no facts that would permit the inference that any defendant actually knew of, and yet deliberately disregarded, a serious medical need. Similarly, plaintiff alleges no facts that would permit the inference that any

6

defendant intentionally delayed his access to medical care.  The complaint therefore fails to state a plausible Eighth Amendment claim against any of the named defendants.

Additionally, it appears plaintiff intends to advance unrelated claims against more than one defendant, which is an impermissible pleading practice. Rule 20(a)(2) of the Federal Rules of Civil Procedure governs joinder of defendants, and provides:

> Persons . . .  may be joined in one action as defendants if: (A) any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and (B) any question of law or fact common to all defendants will arise in the action.

Therefore, a plaintiff cannot join, in a single lawsuit, multiple claims against different defendants related to events arising out of different transactions or occurrences.  Unrelated claims against different defendants belong in different suits.  The Prison Litigation Reform Act limits to three the number of frivolous suits or appeals that any prisoner may file without prepayment of the required fees.  28 U.S.C. § 1915(g).

The Court will provide plaintiff the opportunity to file an amended complaint to cure deficiencies, and to clearly set forth his claims.  The Court further advises that the amended complaint replaces the original complaint.  *See In re Wireless Telephone Federal Cost Recovery Fees Litigation*, 396 F.3d 922, 928 (8th Cir. 2005) ("It is well-established that an amended complaint supersedes an original complaint and renders the original complaint without legal effect"). Plaintiff must type or neatly print the amended complaint on the Court's prisoner civil rights complaint form, which will be provided to him.  *See* E.D. Mo. L.R. 2.06(A) ("All actions brought by self-represented plaintiffs or petitioners should be filed on Court-provided forms where applicable.").

7

In the "Caption" section of the complaint form, plaintiff should write the name of the person he intends to sue. *See* Fed. R. Civ. P. 10(a) ("The title of the complaint must name all the parties"). Plaintiff must avoid naming anyone as a defendant unless that person is directly related to his claim. Plaintiff must also specify the capacity in which he intends to sue the defendant. In the "Statement of Claim" section, plaintiff should begin by writing the defendant's name. In separate, numbered paragraphs under that name, plaintiff should set forth a short and plain statement of the facts that support his claim or claims against that defendant. *See* Fed. R. Civ. P. 8(a). Each averment must be simple, concise, and direct. *See* Fed. R. Civ. P. 8(d)(1). Plaintiff must state his claims in numbered paragraphs, and each paragraph should be "limited as far as practicable to a single set of circumstances." *See* Fed. R. Civ. P. 10(b).

If plaintiff names a single defendant, he may set forth as many claims as he has against that defendant. *See* Fed. R. Civ. P. 18(a). If plaintiff names more than one defendant, however, he should only include claims that arise out of the same transaction or occurrence, or simply put, claims that are related to each other. *See* Fed. R. Civ. P. 20(a)(2). It is important that plaintiff allege facts explaining how the defendant was personally involved in or directly responsible for harming him. *See Madewell v. Roberts,* 909 F.2d 1203, 1208 (8th Cir. 1990). Plaintiff must explain the role of the defendant, so that the defendant will have notice of what he or she is accused of doing or failing to do. *See Topchian v. JPMorgan Chase Bank, N.A.*, 760 F.3d 843, 848 (8th Cir. 2014).

The Court emphasizes that the "Statement of Claim" requires more than "labels and conclusions or a formulaic recitation of the elements of a cause of action." *See Neubauer v. FedEx Corp.*, 849 F.3d 400, 404 (8th Cir. 2017). Finally, plaintiff is cautioned to avoid attempting to amend a complaint by filing separate documents containing changes he wishes to make to certain

8

parts. Instead, plaintiff must file a single comprehensive pleading that sets forth his claims for relief. *See Popoalii v. Correctional Medical Services*, 512 F.3d 488, 497 (8th Cir. 2008) (finding that it is appropriate to deny leave to amend a complaint when a proposed amended complaint was not submitted with the motion).

Plaintiff has also filed a motion to appoint counsel. A *pro se* litigant has "neither a constitutional nor a statutory right to appointed counsel in civil cases." *Patterson v. Kelley*, 902 F.3d 845, 850 (8th Cir. 2018) (citing *Phillips v. Jasper Cty. Jail*, 437 F.3d 791, 794 (8th Cir. 2006)). A district court may appoint counsel in a civil case if it is "convinced that an indigent plaintiff has stated a non-frivolous claim . . . and where the nature of the litigation is such that plaintiff as well as the court will benefit from the assistance of counsel." *Id.* (citing *Johnson v. Williams,* 788 F.2d 1319, 1322 (8th Cir. 1986)). When determining whether to appoint counsel for an indigent litigant, a court considers relevant factors such as the factual complexity of the issues, the litigant's ability to investigate the facts and present his claims, the existence of conflicting testimony, and the complexity of the legal arguments. *Id.* (citing *Phillips*, 437 F.3d at 794).

At present, the Court is not convinced that plaintiff has stated a non-frivolous claim. Additionally, there is no indication that plaintiff is incapable of representing himself, or that the factual or legal issues are sufficiently complex to justify the appointment of counsel. However, recognizing that circumstances may change, the Court will deny the motion for appointment of counsel without prejudice, and will entertain future such motions, if appropriate, as the case progresses.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion seeking leave to commence this action without prepaying fees or costs (ECF No. 2) is **GRANTED**.

**IT IS FURTHER ORDERED** that, within thirty (30) days of the date of this order, plaintiff must pay an initial filing fee of $11.41.  Plaintiff is instructed to make his remittance payable to "Clerk, United States District Court," and to include upon it: (1) his name; (2) his prison registration number; (3) the case number; and (4) the statement that the remittance is for an original proceeding.

**IT IS FURTHER ORDERED** that the Clerk shall mail to plaintiff a copy of the Court's prisoner civil rights complaint form.

**IT IS FURTHER ORDERED** that, within thirty (30) days of the date of this order, plaintiff must file an amended complaint in accordance with the instructions herein.

**IT IS FURTHER ORDERED** that plaintiff's motion to appoint counsel (ECF No. 4) is **DENIED** without prejudice.

**Plaintiff's failure to timely comply with this order may result in the dismissal of this case, without prejudice and without further notice.**

*/s/ Patricia L. Cohen*
PATRICIA L. COHEN
UNITED STATES MAGISTRATE JUDGE

Dated this 8th day of July, 2022